ARTHUR A. HARTINGER (SBN 121521)
ahartinger@meyersnave.com
JESSE J. LAD (SBN 229389)
jlad@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone:  (510) 808-2000
Facsimile:  (510) 444-1108

*E-filed 5/17/07*

Attorneys for Defendants
SANTA CLARA VALLEY WATER DEFENDANT,
JAMES FIEDLER, NAI HSUEH, and KATHERINE OVEN

UNITED STATES DISTRICT COURT

NORTHERN DEFENDANT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BELINDA A. ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CLARA VALLEY WATER DEFENDANT, JAMES FIEDLER, NAI HSUEH, KATHERINE OVEN, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No. 06-CV-05951 JF<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>AS AMENDED BY THE COURT |

   WHEREAS, the parties are seeking personnel, financial, medical and/or other confidential information through the discovery process; and

   WHEREAS, the parties wish to preserve the integrity of the litigation process to ensure a fair disposition in this case;

   NOW, THEREFORE, IT IS HEREBY STIPULATED by the parties in this action, by and through their respective attorneys of record, that in order to protect the confidentiality of the records described below and to avoid unnecessary

---

STIPULATION FOR PROTECTIVE ORDER                  1                  USDC Case No. 06-CV-05951 JF

embarrassment, annoyance and/ or oppression, any of said records disclosed are subject to a protective order as follows:

1. Documents which contain information warranting protection under Federal Rule of Civil Procedure 26(c) are to be designated as "Confidential Material." Such designation shall be made by stamping or otherwise marking the document prior to use in this litigation as follows: "Confidential Material Subject to Protective Order" or a substantially equivalent phrase.

2 Confidential Material shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including any other litigation.

3. Confidential Material may not be disclosed except as set forth in paragraph 4.

4. Confidential Material may be disclosed only to the following persons:

    a. Counsel for any party to this action;

    b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in 4(a);

    c. Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

    d. Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

    e. Any "in house" expert designated by the Santa Clara Valley District to testify at trial in this matter;

    f. Witnesses who may have Confidential Material disclosed to them during deposition proceedings. The witnesses may not leave the deposition with copies of the documents, and shall be bound by the provisions of paragraph 5;

    g. Any Neutral Evaluator or other designated ADR provider; and

      h.     Parties to this action, and Defendants' "in house" experts described in paragraph 4(e) above will be allowed to review all Confidential Material with the exception of medical records designated as Confidential Material. Defendants reserve the right to review any of Plaintiff's medical records, however, that Plaintiff relies upon in support her claims in this lawsuit. Moreover, Defendants reserve the right to review Plaintiff's medical records, or portions thereof, with the express permission of Plaintiff or by Court order. Each Party also reserves the right to review its own medical records that are produced to any other party in this action.

      Nothing in paragraph 4 is intended to prevent officials or employees of the Santa Clara Valley Water District or other authorized government officials from having access to the documents if they would have had access in the normal course of their job duties. Further, nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given to Plaintiff with respect to what she/he saw, heard, or otherwise sensed.

      5.     Each person to whom disclosure is made, with the exception of court personnel and counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understands the provisions of the protective order and agrees to to be bound by its terms and submit to the jurisdiction of this court if any dispute arises pertaining to this order.

      6.     At the conclusion of the trial and of any appeal, or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be tendered back to the original party. The court need not return any documents. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this Court. The court shall retain jurisdiction to enforce the terms of this order for 6 months after final termination of this action.

      7.     Nothing in this order shall prohibit counsel for any party from using or referring to the documents in motion papers or pleadings filed with the Court,

1 | provided that adequate provision is made to protect the confidentiality of the
2 | documents. See Civil Local Rule 79-5.
3 |     8. The foregoing stipulation is without prejudice to the right of any party;
4 | (a) to apply to the Court for a further protective order relating to any Confidential
5 | Material or relating to discovery in this litigation; (b) to apply to the Court for an order
6 | removing the Confidential Material designation from any documents; and (c) to apply
7 | to the Court for an order compelling production of documents or modification of this
8 | order or for any order permitting disclosure of Confidential Materials beyond the
9 | terms of this order. If confidentiality is challenged, the burden is on the party seeking protection to show that it is warranted.

Dated: April 27, 2007    MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____
Jesse J. Lad
Attorney for Defendants Santa Clara Valley
Water District, James Fiedler, Nai Hsueh,
and Katherine Oven

Dated: April 27, 2007    DINAPOLI & SIBLEY

By: _____
John F. DiNapoli
Attorney for Plaintiffs

948120_1.DOC

IT IS SO ORDERED.

Dated: May 17, 2007

_____
Magistrate Judge Howard R. Lloyd

---

STIPULATION FOR PROTECTIVE ORDER      USDC Case No. 06-CV-05951 JF